IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: | |
| | Case No. 12-30901 MER |
| HERSCHEL GLENN BURGESS, JR. | |
| ISABELLE HOLLISTER BURGESS | Chapter 11 |
| | |
| Debtors. | |
| | |
| HERSCHEL GLENN BURGESS, JR. | Adversary No. 12-1743 MER |
| ISABELLE HOLLISTER BURGESS | |
| | |
| Plaintiffs, | |
| | |
| v. | |
| | |
| ALICE C. LEDERER, et al., | |
| | |
| | Signed/Docketed |
| Defendants. | April 2, 2013 |

**ORDER**

THIS MATTER is before the Court on the Motion to Abstain and Motion for Relief from Stay filed by the Defendants (collectively the "Lederer Group") and the Debtors' respective responses thereto.

**BACKGROUND AND FACTS**

This dispute concerns ten Deeds of Trust executed by the Debtors for the benefit of the Lederer Group. According to the Lederer Group, these Deeds of Trust contain scrivener's errors which incorrectly describe water rights as "Cole Ditch." Rather, the Lederer Group asserts the Deeds of Trust should describe the water rights as "Cole Reservoir."

On October 7, 2011, the Lederer Group sought to correct these alleged scrivener's errors and commenced an action against the Debtors with the Delta County District Court, Delta County, Colorado, titled *Jennifer E. Widholm, et al. v. Herschel G. Burgess, et al.*, Case No. 2011 CV 296, seeking reformation of the Deeds of Trust (the "State Court Action"). A trial on the merits was scheduled for December 7, 2012. On September 6, 2012, the Lederer Group filed a Motion for Summary Judgment. On October 9, 2012, the day the Debtors' response to the Motion for Summary Judgment was due, the Debtors

filed for Chapter 11 bankruptcy protection. As a result, the State Court Action was stayed.

On November 29, 2012, the Debtors commenced the present adversary proceeding involving the same disputed water rights that were the subject of the stayed State Court Action. In their Complaint, the Debtors ask the Court: (1) to enter a declaratory judgment on ownership of the disputed water rights; (2) to disallow the Lederer Group's claim to an interest in the disputed water rights; and (3) to determine the validity, priority, or extent of any lien the Lederer Group may hold in the disputed water rights.

In response to the Debtor's Complaint, the Lederer Group filed a Motion to Abstain on the basis of mandatory abstention and, in the alternative, discretionary abstention. In addition, the Lederer Group filed a Motion for Relief from Stay in the underlying bankruptcy case, seeking to resume the pending State Court Action in Delta County. The Debtors object to the requested relief, arguing the bankruptcy court is the appropriate forum for the dispute over ownership of the subject water rights.

## DISCUSSION

### A.   Mandatory Abstention

The Court must abstain from hearing the present adversary proceeding on the Debtors' Complaint if all of the following elements of 28 U.S.C. § 1334(c)(2) are met:

1) A motion has been timely filed requesting abstention;
2) the cause of action is premised on state law;
3) the proceeding is non-core or "related to" the bankruptcy case;
4) the proceeding could not have been commenced in federal court absent the commencement of the bankruptcy case;
5) the cause of action is pending in state court; and
6) the state court action can be timely adjudicated.[1]

The Lederer Group argues each of the above elements are met. The Debtors, on the other hand, argue that the adversary proceeding involves core matters which can only be tried by the bankruptcy court. The Court will address each of the above elements in turn.

---

[1] 28 U.S.C. § 1334(c)(2); *Telluride Asset Resolution, LLC v. Telluride Global Dev, LLC (In re Telluride Income Growth, LP)*, 364 B.R. 390, 398 (10th Cir. BAP 2007); *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 776-78 (10th Cir. BAP 1997).

### 1.  *Timely Motion Requesting Abstention*

The Lederer Group filed its Motion to Abstain on January 9, 2013, only 40 days after the Debtor filed the Complaint in this adversary proceeding.[2] The Debtors do not dispute the Lederer Group has filed a timely motion for abstention. Therefore, the Court finds the motion was timely.

### 2.  *Cause of Action is Premised on State Law*

The pertinent facts alleged in both the stayed State Court Action and this adversary proceeding are virtually identical. While the Debtors assert claims for relief under causes of action provided for under the Bankruptcy Code – generally, determination of property of the estate and allowance of claims – the resolution of this matter depends entirely on Colorado property law, principles of contract reformation, and water law – all of which have their basis in *state* law rather than *bankruptcy* law.

The Debtors' attempt to recast their causes of action as bankruptcy claims is unpersuasive. When determining the substance of a claim, the Court must look beyond a superficial title to determine the controlling law which will resolve the cause of action.[3] Here, while the Bankruptcy Code provides a means for adjudicating the Debtors' claims, the Bankruptcy Code does not serve as the basis of their claims. The basis and premise is undeniably in state law.

### 3.  *The Proceeding is Non-Core or "Related to" the Bankruptcy.*

The Debtors argue the claims pled in their Adversary Complaint are core claims pursuant to 28 U.S.C.§ 157(b)(2)(A), (B), and (K) thus, mandatory abstention is inappropriate. The Debtors' proffered interpretation of core claims is too broad, and at best, the claims pled in the Debtors' Adversary Complaint are "related to" the bankruptcy case.

Under 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments."[4] Section 157(b)(2) provides a list of sixteen categories of "arising

---

[2] The extension to answer or file another responsive pleading filed by the Lederer Group was granted on January 3, 2013.

[3] *See Balcor/Morristown Limited Partnership v. Vector Whippany Associates, et al.*, 181 B.R. 781, 794 (D.N.J. 1995).

[4] 28 U.S.C. § 157(b)(1).

under" and "arising in" proceedings.[5] From this list of sixteen categories, the Debtors argue their claims can be classified as "core" under the categories "matters concerning the administration of the estate,"[6] "allowance or disallowance of claims,"[7] and "determinations of the validity, extent, or priority of liens."[8]

While the list of examples in § 157(b)(2) is instructive, it does not entirely settle the issue of whether the Debtors' claims are, in fact, "core proceedings." A debtor must do more than simply attach a superficial classification to an asserted claim; rather, a debtor's claim must substantially "arise under" or "arise in" a case under title 11. According to the Tenth Circuit, such claims "have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings."[9] "[T]he touchstone would seem to be whether the case has a 'life of its own in either state or federal common law or statute independent of the federal bankruptcy laws.'"[10]

As stated above, the underlying facts of the Debtors' cause of action in bankruptcy are the same as those in the pending State Court Action. In essence, by filing for bankruptcy, staying the State Court Action, and recasting the same dispute as an adversary proceeding, the Debtors have constructively removed the State Court Action to this Court. In so doing, the Debtors have unseated the Lederer Group as the plaintiff in the State Court Action and inserted themselves as the plaintiffs in this proceeding. However, such a recharacterization does not change the fact that this dispute can stand on its own prior to and outside of this Chapter 11 bankruptcy case.[11] Thus, applying the Tenth Circuit's definition of "core proceedings" as those which "have no existence outside of bankruptcy," the Debtors' adversary claims are not "core

---

[5] 28 U.S.C. § 157(b)(2).

[6] 28 U.S.C. § 157(b)(2)(A).

[7] 28 U.S.C. § 157(b)(2)(B).

[8] 28 U.S.C. § 157(b)(2)(K).

[9] *Gardner v. U.S. (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990).

[10] *In re Schempp Real Estate, LLC*, 303 B.R. 866, 873 (Bankr. D.Colo 2003) (citing *In re Marine Pollution Service, Inc.*, 88 B.R. 588, 596 (S.D.N.Y. 1988) *rev'd on other grounds by* 857 F.2d 91 (2nd Cir. 1988)(quoting *In re Kaiser,* 722 F.2d 1574, 1582 (2nd Cir. 1983))).

[11] *In re Schempp Real Estate, LLC*, 303 B.R. at 874.

proceedings." They are claims which are merely "related to" the bankruptcy case.[12]

4. *Proceeding Could Not Have Been Commenced in Federal Court Absent Bankruptcy*.

At the time of filing their bankruptcy petition, the Debtors were defendants in the State Court Action which sought to settle disputed ownership of water rights. The Debtors, as defendants and Colorado residents, were unable to remove the State Court Action to a federal court because the requisite diversity did not exist. Also, federal question jurisdiction does not exist because the State Court Action was entirely based on state law claims based in Colorado property law, contract reformation, and water law.

Again, the Court looks to the facts underlying the Debtors' adversary claims and sees a mere recharacterization of pending state law causes of action which, absent the bankruptcy filing, have no place in a federal court.

5. *The Cause of Action is Pending in State Court*.

This element is easily satisfied in favor of the Lederer Group. The State Court Action was commenced on October 7, 2011, and was scheduled for trial on December 7, 2012. The Delta County District Court currently has a motion for summary judgment pending before it, and the case was stayed only because the Debtors filed their bankruptcy petition on October 9, 2012. Thus, the State Court Action remains pending at the present time.

6. *The State Court Action Can Be Timely Adjudicated*.

Based on the parties' offers of proof, it appears the most timely adjudication will occur in state court. The State Court Action was set for trial on December 7, 2012, and a motion for summary judgment is still pending. While the parties differ on how quickly a trial can occur in state court, what is certain is the state court is much further along with this proceeding than this Court. Whether a state court trial can occur in three months or nine months, it may very well be sooner than this Court can hear the case. Regardless, the Court notes a waiting time of nine to eleven months for a state court trial has been deemed timely in other decisions from this district.[13]

---

[12] *See* 28 U.S.C. § 157(c)(1).

[13] *See In re Schempp Real Estate, LLC*, 303 B.R. at 874.

    This matter must be adjudicated either in this forum or the state forum. The dispute involves the Debtors' principal asset. A ruling on its disposition must be made before the Debtors can devise a comprehensive plan of reorganization. The state court is ready and very capable of adjudicating this issue in a timely manner. Thus, the Court sees no compelling reason why it should intervene and determine the pending claims at a much later date and at further expense to the parties.

    In sum, the Court, being satisfied that all of the elements which require abstention are present, abstains from hearing Debtors' claims set forth in the present adversary proceeding. As a necessary corollary, the Court grants the Lederer Group's Motion for Relief from Stay so they may proceed with the state court action and so the state court may enter an order which settles the disputed ownership in the water rights at issue.

## CONCLUSION

    Based on the foregoing,

    IT IS THEREFORE ORDERED, the Court GRANTS the Lederer Group's Motion to Abstain.

    IT IS FURTHER ORDERED, the Court GRANTS the Lederer Group's Motion for Relief from Stay.

Dated April 2, 2013                            BY THE COURT:

                                                      Michael E. Romero
                                                      United States Bankruptcy Judge